UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FASHION ONE TELEVISION LLC,<br><br>Plaintiff,<br><br>v.<br><br>FASHION TV PROGRAMMGESELLSCHAFT MBH, CHARIM STEINER & HOFSTETTER RECHTSANWALTE GBR, CHARIM RECHTSANWALTE GESBR, ADAM LISOWSKI, GABRIEL LISOWSKI, STEPHANE JULIEN, DANIEL CHARIM, WOLFGANG STEINER, ANTON HOFSTETTER, ZAINEB ALNAHER, FASHIONTV.COM GMBH, FTV BVI LTD., FINSTAR FINANCIAL GROUP, LLC and OLEG BOYKO,<br><br>Defendants. | Civil Action No.: 16-cv-5328 (JMF)<br><br>**VERIFIED AMENDED COMPLAINT**<br><br>ECF Case |

Plaintiff, Fashion One Television LLC (hereinafter "Fashion One"), by and through its attorneys, Morton & Associates LLLP, and as for its Amended Complaint against Defendants Fashion TV Programmgesellschaft mbH, Fashiontv.com GmbH, FTV BVI Ltd., Adam Lisowski, Gabriel Lisowski (collectively the "FTV Defendants"), Charim Steiner & Hofstetter Rechtsanwalte GbR, Charim Rechtsanwalte GesbR, Stephane Julien, Daniel Charim, Wolfgang Steiner, Anton Hofstetter, Zaineb Alnaher, Finstar Financial Group, LLC ("Finstar") and Oleg Boyko (collectively the "Defendants") alleges, upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This action arises as a result of the FTV Defendants' tortious interference with a valid, existing contractual agreement between Plaintiff and RR Media Limited ("RR Media"), a satellite service provider, for broadcasting Plaintiff's channel,

1

Fashion One, as well as Defendants' participation in aiding and abetting the tortious interference with contract, and civil conspiracy by Defendants to commit the tortious interference with contract.

## PARTIES

2. Fashion One is a limited liability company, duly organized and existing under the laws of the State of New York, with a principal place of business at 246 West Broadway, New York, New York 10013.

3. Fashion TV Programmgesellschaft mbH ("FTV") is a limited liability company existing under the laws of Austria, with a principal place of business at Wasagasse 4, A-1090 Vienna, Austria.

4. Charim Steiner & Hofstetter Rechtsanwälte GbR is a corporation existing under the laws of Austria, with a principal place of business at Wasagasse 4, A-1090 Vienna, Austria.

5. Charim Rechtsanwälte GesbR is a corporation existing under the laws of Austria, with a principal place of business at Wasagasse 4, A-1090 Vienna, Austria.

6. Adam Lisowski is an individual residing in Vienna, Austria.

7. Gabriel Lisowski is an individual residing in Vienna, Austria.

8. Stephane Julien is an individual residing in Vienna, Austria.

9. Daniel Charim is an individual residing in Vienna, Austria.

10. Wolfgang Steiner is an individual residing in Vienna, Austria.

11. Anton Hofstetter is an individual residing in Vienna, Austria.

12. Zaineb Alnaher is an individual residing in Vienna, Austria.

2

13. Fashiontv.com GmbH is a limited liability company organized under the laws of Germany, with a principal place of business at Promenadeplatz 9, D-80333 Munich, Germany.

14. FTV BVI Ltd., is a limited liability company organized under the laws of the British Virgin Islands, with a principal place of business at P.O. Box 3149, Pasea Estate, Road Town, VG1110.

15. Finstar Financial Group, LLC is a limited liability company organized under the laws of Russia, with a principal place of business at 8 Presneskaya Nab., bld. 1, off. 12B, Moscow 123317, Russia.

16. Oleg Boyko is an individual residing in Moscow, Russia.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over all causes of action asserted herein pursuant to the diversity provisions of 28 U.S.C. §1332(a)(2), because the claims exceed the sum or value of $75,000, exclusive of interest and costs, Plaintiff is a limited liability company incorporated and existing under the laws of New York and Defendants either reside or maintain a principal place of business in Austria, Germany, the British Virgin Islands and Russia.

18. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c). Defendants are doing business in New York and have committed a tort without the State having an effect within this State and county.

19. This Court has personal jurisdiction over Defendants, pursuant to CPLR §302(a)(3), because Defendants committed a tortious act without the State causing injury to Plaintiff within the State and county, and Defendants do business in the

State, derive substantial revenue from services rendered in the State, derive substantial revenue from international commerce and should reasonably expect the act to have consequences in the State.

## FACTS

20. Fashion One operates a global lifestyle and entertainment TV network (the "Fashion One Channel"), internationally across multiple platforms, including satellite television, cable television and over the internet.

21. The Fashion One Channel, launched in April of 2010, has numerous feeds and reaches over 400 million viewers across five continents.

22. Over the years, Fashion One has invested millions in the worldwide advertising and promotion of its brand.

23. Fashion One and RR Media were parties to a valid, existing contractual agreement for RR Media to broadcast the Fashion One Channel via satellite television (the "Broadcasting Agreement"). The Broadcasting Agreement, dated August 23, 2015, is annexed hereto as **Exhibit A**.

24. Fashion One LLC and Fashion One Television LLC are direct affiliates, with unity of ownership and an identical corporate structure.

25. Fashion One Television LLC operates the play-out broadcasting uplink of the Fashion One Channel worldwide.

26. Defendants were aware, or should have reasonably been aware, of the Broadcasting Agreement between Fashion One and RR Media.

27. On December 1, 2015, Plaintiff and Defendants entered into a Settlement Framework Agreement, that provided, in pertinent part, that "This agreement shall

4

serve as a mutual license for a period of one year [until December 1, 2016] of trademark assets and other branding rights to: (a) for FTV Group to license to Fashion One Group any rights it may hold to the brand Fashion One (including the FASHION ONE trademark) …" The Settlement Framework Agreement, dated December 1, 2015, is annexed hereto as **Exhibit B**.

28. Finstar is a private investment group and, in or around October 2013, acquired a substantial share in FTV.

29. Finstar and its Chief Executive Officer, Oleg Boyko, were integral parts of the conspiracy to induce RR Media's breach of the Broadcasting Agreement and played a key role in aiding and abetting the inducement of the breach.

30. The FTV Defendants unilaterally contacted RR Media, and subsequently threatened formal legal proceedings against RR Media, in an intentional and directed effort to induce RR Media to breach its Broadcasting Agreement with Plaintiff.

31. The FTV Defendants intimidated and induced RR Media into breaching its Broadcasting Agreement with Plaintiff on the tenuous and unsubstantiated theory that Plaintiff was not permitted to use the trademark FASHION ONE, an assertion that stands in complete contradiction to the terms of the Settlement Framework Agreement.

32. All Defendants aided and abetted the inducement of RR Media to breach the Broadcasting Agreement with Plaintiff.

33. All Defendants conspired to induce RR Media to breach the Broadcasting Agreement with Plaintiff.

34. As a direct and proximate result of Defendants' conspiracy and subsequent inducement of RR Media to breach the Broadcasting Agreement, Plaintiff received a Termination Letter, dated July 24, 2016 (the "Termination Letter"), indicating that as a result of FTV's cease and desist letter, that demanded that RR Media discontinue broadcasting the Fashion One Channel under the name FASHION ONE, RR Media was terminating the Broadcasting Agreement. The Termination Letter is annexed hereto as **Exhibit C**.

35. As indicated in the Termination Letter, RR Media terminated the transmission of the Fashion One Channel.

## CAUSES OF ACTION

### COUNT I - Tortious Interference with Contract
### (The FTV Defendants)

36. Plaintiff incorporates by reference the preceding paragraphs of this Amended Complaint.

37. A valid contractual agreement between Fashion One and RR Media, to broadcast the Fashion One Channel via satellite, existed. *See* **Exhibit A**.

38. The FTV Defendants had knowledge, or reasonably should have had knowledge, of the existence of the Broadcasting Agreement.

39. The FTV Defendants intentionally, knowingly and improperly procured the breach of the Broadcasting Agreement by mailing RR Media a cease and desist letter, in June of 2016, that threatened meritless legal proceedings against RR Media.

40. The FTV Defendants thereby intimidated RR Media to breach the Broadcasting Agreement.

41. The FTV Defendants interfered with the performance of the Broadcasting Agreement without legal or social justification.

42. As a proximate result of the FTV Defendants' tortious interference with the Broadcasting Agreement, and the subsequent breach thereof by RR Media, Plaintiff suffered compensatory damages and irreparable injury to its goodwill and reputation.

**COUNT II – Aiding and Abetting Tortious Interference with Contract**
**(All Defendants)**

43. Plaintiff incorporates by reference the preceding paragraphs of this Amended Complaint.

44. As outlined above, the FTV Defendants tortiously interfered with the Broadcasting Agreement between RR Media and Plaintiff.

45. All Defendants had actual knowledge of the acts by the FTV Defendants to commit tortious interference with contract, namely, by sending RR Media a cease and desist letter that threatened legal proceedings, unless the Broadcasting Agreement was breached.

46. All Defendants aided and abetted the tortious interference committed by the FTV Defendants by providing substantial assistance and/or participating in the tortious interference with contract.

47. All Defendants had actual knowledge of their role in promoting RR Media's breach of the Broadcasting Agreement at the time of their assistance and/or participation.

48. The FTV Defendants' and the remaining Defendants' acts of aiding and abetting the tortious interference with contract caused RR Media to breach the Broadcasting Agreement.

49. As a proximate result of the FTV Defendants' and the remaining Defendants' acts of aiding and abetting the tortious interference with contract, Plaintiff suffered compensatory damages and irreparable injury to its goodwill and reputation.

**COUNT III – Civil Conspiracy to Commit Tortious Interference with Contract**
**(All Defendants)**

50. Plaintiff incorporates by reference the preceding paragraphs of this Amended Complaint.

51. As outlined above, Defendants committed tortious interference with an existing contract by inducing RR Media to breach the Broadcasting Agreement with Plaintiff.

52. Defendants formed a conspiracy or agreement to commit tortious interference with an existing contract, by falsely representing that Plaintiff did not have trademark rights in Europe to the name FASHION ONE and threatening legal action against RR Media unless the name of the Fashion One Channel was not changed and/or the contractual relationship with Plaintiff was terminated.

53. Defendants reached an agreement that the method to achieve the unlawful objective, namely, inducing RR Media to breach the Broadcasting Agreement, would be to mail RR Media a cease and desist letter and threaten formal legal proceedings therein.

54. In June of 2016, Defendants intentionally and knowingly committed an overt act in furtherance of the conspiracy, by mailing the aforesaid cease and desist letter to RR Media.

55. Plaintiff was presented with two options, either change the channel name or face termination of the Broadcasting Agreement.

56. Plaintiff refused to change the name of the Fashion One Channel, an action that would have resulted in irreparable damage to Plaintiff's global brand and reputation.

57. As a proximate result of receiving the cease and desist letter and the threats contained therein, RR Media terminated and breached the Broadcasting Agreement, resulting Plaintiff suffered compensatory damages and irreparable injury to its goodwill and reputation.

**WHEREFORE**, based on the foregoing, Plaintiff demands judgment against Defendants, jointly, severally and alternatively as follows:

i. Compensatory damages, in the amount of $28,000,000.00 representing injury to Plaintiff as a proximate result of Defendants' wrongful and/or inequitable conduct.

ii. Compensatory damages, in an amount to be determined at trial, representing irreparable injury to Plaintiff's goodwill and reputation as a proximate result of Defendants' wrongful and/or inequitable conduct.

iii. Punitive damages, in the amount of $5,000,000.00, as punishment for Defendants' intentional, improper and malevolent wrongful and/or inequitable conduct.

iv. Pre-judgment and post-judgment interest in an amount to be determined.

v. Attorneys' fees and the costs and disbursements of this action.

vi. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury as to all issues, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
           July 25, 2016

                                             **Morton & Associates LLLP**

                                             _____
                                             By: Roman A. Popov, Esq. (RP7625)
                                             *Attorneys for Plaintiff*
                                             Fashion One Television LLC
                                             246 West Broadway, 4th Floor
                                             New York, NY 10013
                                             (212) 796-4309
                                             rp@mortonassociates.com

# VERIFICATION

MICHAEL GLEISSNER, hereby declares, under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1. I am the Founder and the Chief Executive Officer of Plaintiff in this action.
2. I have read the foregoing Amended Complaint and know the contents thereof. The same is true to my knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Dated: New York, New York
July 25, 2016

_____
Michael Gleissner