```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
FASHION ONE TELEVISION LLC,                                             :
                                                                        :
                        Plaintiff,                                      :       16-CV-5328 (JMF)
                                                                        :
           -v-                                                          :       MEMORANDUM OPINION
                                                                        :       AND ORDER
FASHION TV PROGRAMMGESELLSCHAFT                                         :
MBH et al.,                                                             :
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/22/2017

JESSE M. FURMAN, United States District Judge:

In this suit, familiarity with which is assumed, Plaintiff Fashion One Television LLC ("Fashion One Television") brings claims against various Defendants, largely based in Vienna, Austria, for and related to tortious interference with contract. (Docket No. 22 ("Second Amended Complaint" or "SAC") ¶¶ 1, 3-12). Fashion One Television is a New York limited liability company ("LLC") that operates the Fashion One Channel, a global lifestyle and entertainment television channel. (*Id.* ¶ 20). The company has only one member, a Delaware corporation of which Michael Gleissner, a German national, is chief executive officer. (*Id.* ¶ 2; *see also* Docket No. 34 ("Dowd Decl.") ¶ 3); Docket No. 38-1 ("Popov Decl.") ¶ 4). Gleissner, in turn, is the sole member of a different LLC, Fashion One LLC, which entered into a contract in August 2015 with RR Media, an Israeli satellite service provider, to broadcast the Fashion One Channel. (SAC ¶ 23; Popov Decl. ¶ 5; SAC, Ex. A ("Broadcasting Agreement")). In July 2016, RR Media terminated the contract with Fashion One LLC. (SAC ¶ 3 & Ex. C). That termination, in turn, gave rise to Fashion One Television's claims here.

The sole Defendant to be served with the summons and complaint, Adam Lisowski, now moves to dismiss. (Docket No. 33). Lisowski presses several arguments, but the Court need

only reach one: that Plaintiff Fashion One Television does not have standing to bring claims relating to termination of the contract between Fashion One LLC and RR Media. (Docket No. 36 ("Def.'s Mem."), at 8-10). To bring those claims under New York law — which the parties agree applies here (*see id.* at 8-10; Docket No. 38 ("Pl.'s Opp'n"), at 1-4) — a plaintiff must establish that it was either a party to the contract in question or an intended third-party beneficiary of the contract. *See, e.g.*, *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 727 (S.D.N.Y. 2014); *LoPresti v. Mass. Mut. Life Ins. Co.*, 30 A.D.3d 474, 476 (App. Div. 2d Dep't 2006). Significantly, "[t]o create a third party right to enforce a contract, the language of the contract must *clearly* evidence an intent to permit enforcement by the third party." *Consol. Edison, Inc. v. Ne. Utils.*, 426 F.3d 524, 528 (2d Cir. 2005) (brackets and internal quotation marks omitted). That is, the parties' intent must "be shown on the face of the contract," *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 185 (S.D.N.Y. 2009), and "surrounding circumstances" alone do not suffice, *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 191 (S.D.N.Y. 2009).

Applying those principles here, the Court concludes that Fashion One Television lacks standing to bring the claims that it asserts in this suit. Fashion One Television concedes, as it must, that it was not a party to the contract with RR Media; Fashion One LLC was the only other party. (Pl.'s Opp'n 1; Def.'s Mem. 8). It also concedes, as it must, that Fashion One Television and Fashion One LLC are legally distinct entities; according to the Second Amended Complaint, the former is a "direct affiliate" of the latter, and the two share a "unity of ownership and an identical corporate structure." (SAC ¶ 24). Thus, Fashion One Television rests its opposition to dismissal on the claim — made for the first time in its memorandum of law in opposition to Lisowski's motion — that it was an intended third-party beneficiary of the contract between Fashion One LLC and RR Media. (Pl.'s Opp'n 1). Nothing on the face of the contract, however, suggests that Fashion One LLC and RR Media intended to permit enforcement by Fashion One

2

Television. Indeed, it is devoid of any reference to Fashion One Television. Moreover, the contract includes a non-assignment provision (Broadcast Agreement ¶ 9); directs that notices should be sent to Fashion One LLC (*id.* ¶ 12); and contains a merger provision providing that the text constitutes the whole agreement (*id.* ¶ 13). Faced with similar circumstances, New York courts have uniformly rejected claims of third-party beneficiary status. *See, e.g.*, *Sazerac Co. v. Falk*, 861 F. Supp. 253, 258 (S.D.N.Y. 1994) (finding similar non-assignment language to bar third-party beneficiary claims); *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F. Supp. 712, 733 (S.D.N.Y. 1989) (same). There is no reason to reach a different result here.

Fashion One Television's arguments to the contrary all rely exclusively on the "surrounding circumstances": the allegation that it is a "direct affiliate[]" of Fashion One LLC, with a "unity of ownership and an identical corporate structure"; the allegation that the two companies share the same address as their principal place of business; and the allegation that "[a]ll revenues derived, either directly or indirectly, from broadcasting the Fashion One Channel are deposited into bank accounts held by Fashion One Television LLC." (Pl.'s Opp'n 2-3). But where, as here, there is no contractual language that "*clearly* evidence[s] an intent to permit enforcement by the third party," such circumstances do not give rise to third-party beneficiary status. *Consol. Edison*, 426 F.3d at 528 (brackets and internal quotation marks omitted); *see also, e.g.*, *Debary v. Harrah's Operating Co.*, 465 F. Supp. 2d 250, 264 (S.D.N.Y. 2006) (holding that even if a land developer was an "affiliate" of a casino development group, which was a party to an agreement, the land developer was not a third-party beneficiary because the agreement made no mention of affiliates); *TD Waterhouse Inv'r Servs., Inc. v. Integrated Fund Servs., Inc.*, No. 01-CV-8986 (HB), 2002 WL 441123, at *6 (S.D.N.Y. Mar. 21, 2002) (concluding that a party was not a third-party beneficiary of an agreement, even though the agreement included "affiliates" within the indemnification provision, because the party was neither a signatory to, nor specifically named in, the agreement), *rev'd on other grounds*, *Nat'l*

3

*Inv'r Servs. Corp. v. Integrated Fund Servs., Inc.*, 85 Fed. App'x 779 (2d Cir. 2004); *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 988 F. Supp. 367, 372 (S.D.N.Y. 1997) (finding that a parent corporation was not a third-party beneficiary even though it received a "direct benefit" from payments by its wholly owned subsidiaries); *Ammar Textiles (Pvt) Ltd. v. Contitrade Servs. Corp.*, No. 93-CV-237 (CSH), 1994 WL 115993, at *5 (S.D.N.Y. Mar. 30, 1994) (noting that even if it is established that an agreement is to benefit the plaintiff financially, the plaintiff is not a third-party beneficiary if the "complaint's allegations do not sufficiently establish the contracting parties' intention to permit plaintiff's enforcement of the contract").

In short, Fashion One Television lacks standing to assert its claims, and the Second Amended Complaint must be dismissed — against all Defendants. The only remaining question is whether Fashion One Television should be granted leave to amend its complaint for a third time, as it requests. (*See* Pls.' Opp'n 24-25). The answer is no, for three reasons. First, in granting leave to file the Second Amended Complaint (Docket No. 37), the Court expressly warned that Fashion One Television would not be given another opportunity to address the issues raised in Lisowski's motion to dismiss. *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) (holding that the plaintiff's failure to remedy the complaint's deficiencies identified by an earlier motion to dismiss "is alone sufficient ground to deny leave to amend"); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the plaintiff had received to amend the complaint). Second, Fashion One Television has not "given any indication that [it] is in possession of facts that would cure the problems identified in this opinion." *Clark*, 2014 WL 4054284, at *15; *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint."). Finally, and relatedly, amendment would be futile. *See, e.g.*, *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129,

131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").[1]

The Clerk of Court is directed to terminate Docket No. 33 and to close this case.

SO ORDERED.

Dated: August 21, 2017
       New York, New York

                                                  JESSE M. FURMAN
                                                  United States District Judge

---

[1] Substitution of Fashion One LLC as the real party in interest would, of course, cure the standing problem, but it would create another, more fundamental problem: lack of diversity jurisdiction. After all, Fashion One LLC's sole member, Gleissner, is a foreign national, and Defendants are aliens as well. (*See* Dowd Decl. ¶ 3; SAC ¶¶ 3-16). It is well established that "for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership," *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 51-52 (2d Cir. 2000), and that "diversity is lacking where there are aliens on both sides of a case," *Tecon Oil Servs. Ltd. v. Bayerische Hypo-Und Vereinsbank*, 492 F. Supp. 2d 398, 399 (S.D.N.Y. 2007).

5